IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

KUNTERRIUS WOODARD,

    Plaintiff,

v.

BRIAN ADAMS, et al.,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-120

# **O R D E R**

On March 9, 2020, the Magistrate Judge entered an Order denying Plaintiff the appointment of counsel. (Doc. 11.) On March 23, 2020, the Magistrate Judge granted Plaintiff's request for an extension of time to "object" to that order, so that Plaintiff would have until April 22, 2020 to file any objection or appeal he desired. (Doc. 13.) Despite the generous extension of time to do so, Plaintiff filed nothing until May 13, 2020, when he filed "Plaintiff's Objection to the Magistrate Judge's Order Denying Plaintiff's Motion for the Appointment of Counsel." (Doc. 14.) In that one-page filing, he states only that he "respectfully submits this written objection" to the specified motion and that he "objects generally to the Magistrate [Judge's] Order." (Id.)

Pursuant to Fed. R. Civ. P. 72(a), when a magistrate judge issues a written order on a non-dispositive motion, "[a] party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to." Here, the Magistrate Judge extended Plaintiff's deadline beyond the 14 days provided by Rule 72, but Plaintiff failed to file his objection within the extended time allotted. Pursuant to Rule 72(a),

the Court need not consider Plaintiff's untimely-filed objection, (doc. 14), and **OVERRULES** it on this ground alone.

However, even if Plaintiff's objection had been timely filed or even if the Court exercised its discretion to review the untimely objections, see Allen v. Sybase, Inc., 468 F.3d 642, 658 (10th Cir. 2006), Plaintiff has not demonstrated any reason to modify or set aside any part of the Magistrate Judge's original order denying Plaintiff counsel.  Pursuant to Rule 72(a), "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A) (reconsideration by district judge permitted "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law").  As the Magistrate Judge correctly explained in his Order, appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner," Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987), and Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985)), and "the key" to assessing whether counsel should be appointed "is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court," McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).  Here, the Magistrate Judge found that—based upon his review of the record and pleadings—there are "no such 'exceptional circumstances' warranting the appointment of counsel" in this case, and the case "is not so complex, legally or factually, as to prevent [P]laintiff from presenting 'the essential merits of his position' to the Court." (Doc. 11, pp. 2–3.)  Plaintiff's filing fails to specify the grounds upon which he objects to the Order.  As a result, he has not shown that the Magistrate Judge's ruling is "clearly erroneous" or "contrary to

law" and should therefore be modified or set aside.  Thus, the Magistrate Judge's Order, (doc. 11), remains in force.

**SO ORDERED**, this 20th day of August, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3